PRICE, Judge.
In this instance, Norbert Butler filed a rule in March 1980 against his former wife, Jessica Turbyfill Butler, seeking a change of custody of their three minor children. From a judgment rendered on August 18, 1980, continuing custody of the children with their mother, plaintiff appealed. We affirm.
On this appeal, Butler complains that the trial court’s decision to continue custody with his former wife was not based on the best interests of the children. Instead he contends the trial court used the award of custody as a tool to regulate human behavior.
*33 Change of custody proceedings are governed by La. C.C. Art. 157 which as amended in 1979 provides as follows:
In all eases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent.
The Supreme Court, in the recent case of Bordelon v. Bordelon, 390 So.2d 1325 (La.1980), set forth the sole criterion applicable to change of custody cases to be the best interest of the child. It further stated that the standard of review to be used in custody cases is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion.
We summarize briefly the facts giving rise to this dispute. The parties were married in 1964. Of this marriage three children were born, Norissa, John David, and Corey, ranging from age 16 to 11 at the time of the hearing. From the outset the parties experienced marital discord primarily due to plaintiff’s infidelity and lack of responsibility to his creditors. After frequent separations and reconciliations the marriage finally ended in 1978 when plaintiff began an affair with a woman he met on a business trip to Phoenix, Arizona. Defendant ultimately divorced plaintiff on grounds of adultery on April 4, 1979, and custody of the three minor children was vested in defendant in an uncontested proceeding.
Shortly thereafter defendant married Frank Lester, who proved to have a violent nature, and plaintiff moved to Colorado with his paramour. In June of 1979, defendant was having considerable problems with her new husband and was also having medical problems which required that she be hospitalized. In order to recuperate from her medical problems and to resolve her marital difficulties, defendant asked plaintiff to keep the children for a month instead of two weeks at the start and end of summer as previously agreed to in the custody judgment. Because defendant needed more time to recuperate, she subsequently gave plaintiff permission to keep the children for the remainder of the summer. Although there is a conflict in the testimony as to whether she agreed to let the children stay with their father throughout the fall of 1979, the record is clear that she refused to forward to plaintiff the children’s birth certificates, school and medical records he requested to facilitate their enrollment in a Colorado school. Furthermore, plaintiff, under cross-examination, admits that defendant had been seeking the return of the children since at least the late summer or early fall and never failed to persist in that direction. Due to plaintiff’s consistent refusal to return the children to their legal custodian despite the letters written on behalf of defendant by her attorney and the district attorney’s office urging him to do so, defendant and her husband drove to Colorado to get the children. Ultimately a habeas corpus proceeding was filed in Colorado and a hearing was had which resulted in plaintiff being allowed to retain physical custody of the children on the condition he file a change of custody proceeding in Caddo Parish. That proceeding was filed in March 1980, which proceeding is now at issue.
The record reflects that plaintiff married his paramour in October 1979 and further shows that defendant was granted a judgment of final divorce from Frank Lester in July of 1980. The hearing on the rule to change custody was held in August 1980. The trial court, in its oral reasons for judgment, noted that both parties had displayed characteristics in their past life that are undesirable in regards to being a good parent. The court, in noting that the paramount concern in custody cases is the welfare of the children and not to punish either parent for past actions, found that the best interests of the children would be served by continuing custody with the mother.
Our review of the record leads us to conclude that the trial court did not abuse the wide discretion accorded it by law. The *34 record shows that the mother has been primarily responsible for raising the children from their birth. With the exception of the brief period during the unfortunate marriage of defendant to Frank Lester, evidence establishes that their needs, both physically and mentally, were adequately attended to. In particular we note that the child with a hearing impairment received a quality education and the special assistance needed under such circumstances while she was in the care of her mother. Defendant has been shown to be intimately involved in her children’s needs, and for the most part, has not given us reason to doubt she would continue to do so in the future.
We find little merit in plaintiff’s contention that the trial judge was attempting to regulate human behavior by awarding custody to defendant. We note, as did the trial court that both parties have acted irresponsibly and sometimes immorally on past occasions. However, we find this is only one of the many elements the court considers in its determination of custody.
Although we find commendable Mr. Butler’s efforts to see to his children’s needs while they resided with him in Colorado, we nonetheless cannot say the trial court was clearly wrong in returning the children to the custody of their mother. The principal reason plaintiff offered for failing to return the children to their mother was his fear that the children would be further exposed to the violent nature of defendant’s second husband. Since defendant has divorced this man and convinced the trial court she has no intention of resuming a relationship with him, we no longer find this to be a concern. Finally, because these children have resided with their mother for most of their lives and, for the most part, have prospered under her care, we find no abuse of discretion in the trial court’s decision.
We therefore affirm for the foregoing reasons. Costs of this appeal are assessed to plaintiff-appellant.